OFFICE OF THE CLERK

**MARCIA M. WALDRON**

CLERK

U<small>NITED</small> S<small>TATES</small> C<small>OURT OF</small> A<small>PPEALS</small>

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

August 27, 2004

Mary E. D'Andrea, Clerk
Untied States District Court
P.O. Box 983
Harrisburg, PA 17108-0983

*Rec'd 8-27-04*

*Filed 7/20/04*

Re: United States v. McKeithan
(M.D. Pa. No. 00-cr-278-01)

Dear Ms. D'Andrea:

    Pursuant to Rule 4(d), Federal Rules of Appellate Procedure, and Rule 3.4, Third Circuit Local Appellate Rules, we are forwarding the attached notice of appeal which was apparently filed with this office in error. See Rule 3(a)(1), Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. The notice was postmarked July 20, 2004.

    This document is being forwarded solely to protect the litigant's right to appeal as required by the Federal Rules of Appellate Procedure. Upon receipt of the document, kindly process it according to your Court's normal procedures. If your office has already received the same document, please disregard the enclosed copy to prevent duplication.

    Thank you for your assistance in this matter.

Very truly yours,

Marcia M. Waldron, Clerk

By: /s/ Bradford A. Baldus
    Bradford A. Baldus
    Senior Legal Advisor to the Clerk

Enclosure
cc: Curtis McKeithan (w/out enclosure)

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT



Curtis McKeithan,
Petitioner,

vs

United States of America,
Respondent,

No. 1:CR-00-278-01

## PETITIONER'S NOTICE OF APPEAL AND REQUEST FOR THE APPOINTMENT OF COUNSEL UPON APPEAL

Now comes Curtis L. McKeithan, proceeding In Propria persona, and In forma pauperis in the above styled action and numbered cause to be referred herein after as ("Petitioner") to respectfully move this court for the appointment of counsel to aide in the prosecution of an appeal from the decision of the district court for the Middle District of Pennsylvania. This appeal comes from an Evidentiary Hearing that was held, and testimony taken, concerning a Constitutional claim of the Right to effective assistance of counsel, as defined under the Sixth Amendment, on or about June 23, 2004. On or about May 14, 2004 the district court for the Middle District of Pennsylvania granted the appointment of counsel for the purpose of the evidentiary hearing.

On or about July 9, 2004 a Memorandum and Order was issued by the district court denying relief under the Sixth Amendment

Ineffective assistance of counsel claim, as well as the Confontation Clause violation claim. The petitioner's appointed counsel preserved petitioner's right of appeal before the district court, and the petitioner respectfully prays that this most honorable court will move to grant leave to allow the previous appointed counsel to continue representation upon appeal. In support of this request to allow previously appointed counsel to continue representation upon appeal the petitioner submits the following:

The petitioner was deemed indigent by the United States District Court for the District of Pennsylvania, and appointed counsel to represent him at trial. The same counsel (Dennis E. Boyle, Esq.) was also appointed to represent petitioner upon the initial direct appeal, up until a petition for a writ of certiorary that counsel abandoned prematurely.

On or about May 14, 2004, the district court ordered an evidentiary hearing, and appointed Mr. Gerald A. Lord, Esq., of the Firm of Miller, Poole & Lord, LLP, to represent petitioner. After preserving the record with testimony, the court reserved judgment. On or about July 9, 2004, the district court determined that attorney Boyle had provided effective assistance of counsel, even though the record reflects that attorney Boyle testified that he was aware of the fact that he knew petitioner did not have any form of possession of firearms and drugs, that became subject to the instant prosecution. Counsel also testified that he failed to call petitioner's ex-wife as a witness at trial under the petitioner's right of conforntation of the

(2)

government's case, when the government's chief witness recanted her grand jury testimony and admitted that that she had lied in her claims against petitioner.

The petitioner's claimed constitutional violations are such that a full and complete review of this court is necessary in the interest of fairness and justice. The further appointment of counsel (Gerald A. Lord, Esq.) will allow petitioner to adequately prepare and prosecute a direct appeal of the ruling of the district court to avoid a complete miscarriage of justice.

Dated: _____      *Curtis L. McKeithan*
　　　　　　　　　　　　　　　　　Curtis L. McKeithan,
　　　　　　　　　　　　　　　　　In Propria persona,
　　　　　　　　　　　　　　　　　In Forma Pauperis
　　　　　　　　　　　　　　　　　(In want of Counsel)
　　　　　　　　　　　　　　　　　Reg. No. 04888-067
　　　　　　　　　　　　　　　　　F.M.C. Devens, Box 879
　　　　　　　　　　　　　　　　　Ayer, MA. 01432

### CERTIFICATE OF SERVICE

I Curtis L. McKeithan, do hereby affirm and attest that I have mailed a copy of the attached Notice of appeal to the Office of the U.S. Attorney for the Middle District of Pennsylvania on this 19th day of July 2004, by way of first class mail. Sworn and signed pursuant to 28 U.S.C. § 1746.

　　　　　　　　　　　　　　　　　*Curtis L. McKeithan*
　　　　　　　　　　　　　　　　　Curtis L. McKeithan

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT



Curtis L. McKeithan,
Petitioner/Appellant

vs  Crim. No. 1:CR-00-278-01

United States of America,
Respondent/Appellee

---

### PETITIONER'S AFFIDAVIT IN SUPPORT OF NOTICE OF APPEAL

---

I Curtis L. McKeithan, do hereby affirm and attest that the following is true and correct to the best of my knowledge memory and understanding:

That I was indicted on October 11, 2000, and charged in a multi Count Indictment, Count One charging Conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); Count Two distribution and possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); Count Six alleged a violation of interstate travel in aide of drug trafficking, in violation of 18 U.S.C. § 1952; Count Eight charged using a communication facility to further a drug trafficking offense, in violation of 21 U.S.C. § 843(b); and Possessing a Firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); Count Nine charged defendant with being a felon in possession of a firearm

(1)

in violation of 18 U.S.C. § 922(g) and 924(a)(2).

That the affient was found indigent and appointed counsel to represent me at trial. I was convicted on April 16, 2001 by a jury, and sentenced on December 20, 2001 to the term of 360 months incarceration on counts One and Two, 60 months on Count Six, 48 months on Count Seven and 120 months on Count Nine, all sentences to be run concurrently. The affient was further sentenced to an additional 60 months on Count Eight, to be served consecutive to the other sentences, thus making the total term of imprisonment 420 months. On December 28, 2001, the affient filed a timely notice of appeal.

On September 24, 2002, the Third Circuit denied the appeal and affirmed the judgment of conviction. On December 31, 2003, the affient filed a petition pursuant to 28 U.S.C. § 2255, and on July 9, 2004, after conducting an evidentiary hearing in relation to the claim of the violation of the Sixth Amendment right to effective assistance of counsel, and confrontation clause issue, the district court denied relief.

The district court originally found the affient indigent, and appointed counsel for the purpose of the evidentiary hearing. The affient is not learned in the law is unable to read or right, and would benefit from the appointment of counsel to further prosecute his appeal of the district court 's decision.

The affient has no monies of the United States in with which to appeal this action and requiring me to pay the costs of fees and counsel would create a severe hardship upon me and my family.

(2)

Based upon the affients status of being illiterate, not learned in the law, and having no funds in with which to prosecute said appeal, it is respectfully prayed that this most honorable court grant the affient leave to appeal informa pauperis with the appointment of counsel to avoid a complete miscarriage of justice.

Signed and sworn on this 19th day of July 2004, pursuant to 28 U.S.C. § 1746.

*Curtis L. McKeithan*
Curtis L. McKeithan
Reg. No. 04888-067
F.M.C. Devens, Box 879
Ayer, MA. 01432

(3)