IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**    **:**  **CRIMINAL NO.  1:CR-00-278-01**
                                     **:**
**v.**                              **:**
                                     **:**
**CURTIS MCKEITHAN**           **:**

## M E M O R A N D U M

Before the court is a document entitled "Memorandum of Law in Support of a Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 3582(c)"[1] (doc. 249). No separate motion or petition has been filed, contrary to Middle District Local Rule 7.1.  This court will, nonetheless, treat the memorandum as a combined motion and memorandum.

McKeithan seeks a reduction of a sentence imposed on December 20, 2001.  On January 12, 2009, McKeithan filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706 and 711 to the United States Sentencing Guidelines authorizing a reduction, effective retroactively, to the base guideline offense level for drug distribution and conspiracy offenses involving cocaine base. On August 31, 2009, this court denied the motion, finding that, even with the revised offense level, McKeithan's criminal history category of III resulted in the same sentencing range to which he was exposed without the reduction.  In other words, he did not qualify for a reduction because the Amendment did not affect his sentence (doc. 233).  The Third Circuit Court of Appeals affirmed this order on January 28,

---

[1] The proper cite is 18 U.S.C. § 3582(c)(2).

2010 (doc. 237).  *See also United States v. McKeithan*, 362 Fed. Appx. 239 (Jan. 28, 2010).

On September 23, 2010, McKeithan filed a pro se "Recall of Mandate" pursuant to 28 U.S.C. § 2241, moving this court pursuant to the Fair Sentencing Act of 2010, to reduce his guideline sentence in light of the Act's provisions changing the drug ratio of powder to crack cocaine (doc.238).  On September 24, 2010, this court denied the petition on the basis that the legislation was not made retroactive (doc. 239).  McKeithan appealed that order.  On appeal, the circuit court noted that while McKeithan's motion referred to the "Fair Sentencing Act of 2008," the motion relied on the Fair Sentencing Act of 2010, which went into effect on August 3, 2010.[2]  The court of appeals affirmed this court's holding that the Act was not retroactive (docs. 242 & 243).

Based on the foregoing, this court again holds that the Fair Sentencing Act of 2010 is not retroactive to McKeithan's case.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  May 8, 2012.

---

[2]*United States v. McKeithan*, 437 Fed. Appx. 148, 149 n. 1, 2011 WL 2210156 (CA3 (PA)).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**   : **CRIMINAL NO.  1:CR-00-278-01**
                               :
                               :
          **v.**               :
                               :
                               :
**CURTIS MCKEITHAN**           :

# O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The memorandum entitled "Memorandum of Law in Support of Motion for Reduction of Sentence pursuant to 28 U.S.C. § 3582(c) (doc. 249) is deemed to be a combined motion and brief.

2) The motion to reduce sentence is **DENIED**.


                                    s/Sylvia H. Rambo
                                    United States District Judge

Dated:  May 8, 2012.